UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMEIO T. MACK,

               Petitioner,

-vs-                                               Case No.  8:06-cv-1559-T-17TGW

SECRETARY, DEPARTMENT OF CORRECTIONS,

               Respondent.
_____/

**ORDER**

This cause is before the Court on Petitioner Ameio[1] T. Mack's 28 U.S.C. § 2254 amended petition for writ of habeas corpus (hereinafter "petition") (Doc. No. 6).  Mack challenges his revocation of probation) arising out of the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida, in case nos. 02-10102 and 03-09954. A review of the record demonstrates that, for the following reasons, the petition must be denied.

---

[1] His correct name appears to be Amejo Mack (see Department of Corrections database), although he used the name Amelo Mack in his direct appeal.

Background

On July 24, 2003, Mack pled guilty to and was placed on probation for possession with intent to sell or deliver a controlled substance within 1000 feet of a church in case no. 02-10102 and possession with intent to sell or deliver a controlled substance within 1000 feet of a church and possession of cocaine in case no. 03-9954. After a revocation hearing held April 20, 2004, Mack was found in violation of probation previously extended to him in case nos. 02-10102 and 03-09954. Revoking Mack's probation, the state court sentenced him to consecutive prison terms of 60 months in these cases. Mack appealed the revocation judgments. On April 8, 2005, the state district court of appeal per curiam affirmed the revocation judgments in case no. 2D04-2083. *Mack v. State*, 2005 Fla. App. LEXIS 4796 (Fla. 2nd DCA 2005)[table]. Mack did not seek rehearing, nor did he pursue certiorari review following the silent affirmance.

Mack filed a pro se motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 dated May 3, 2005, in his two revocation cases. He alleged his counsel at his revocation hearing rendered ineffective assistance. Mack subsequently filed a pro se motion to amend the rule 3.850 motion for postconviction relief. By final order rendered January 19, 2006, the postconviction court denied the rule 3.850 application(s) without a hearing. Mack appealed, and the state district court of appeal, on May 31, 2006, per curiam affirmed the summary denial of rule 3.850 relief in case no. 2D06-758. *Mack v. State*, 931 So. 2d 913 (Fla. 2nd DCA 2006)[table]. The mandate issued June 21, 2006.

Mack timely filed his original pro se 28 U.S.C. § 2254 petition dated August 21, 2006. He is proceeding on an amended petition dated September 17, 2006.

## STANDARDS OF REVIEW

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

### Ineffective Assistance of Counsel Standard

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

## Discussion

In his only ground, Mack contends his counsel rendered ineffective assistance by failing to seek disclosure of the confidential informant at his violation of probation hearing.

According to Mack, the informant used in a November 26, 2003, drug transaction, for which Mack says he was found not guilty after a jury trial, was the only individual to give credible information inculpating him in the drug transactions occurring in October and November, 2003.

It is objectively reasonable to conclude Mack's allegations do not satisfy *Strickland*'s performance prong. Mack is not entitled to a probe into counsel's performance relative to the informant's identity because Mack's allegations do not overcome the strong presumption that his counsel's decisions regarding the informant were reasonable and professional decisions. *See Strickland*, 466 U.S. at 690; *see also Williams v. Head*, 185 F.3d 1223, 1228 (11th Cir. 1999)(an ambiguous or silent record is not sufficient to disprove the strong and continuing presumption of effective representation with regard to counsel's performance).

Claiming officers involved in the sting operation did not identify him as a participant in the November 26, 2003, transaction, Mack asserts the informant identified him from booking photos and the photo identification was the only credible evidence implicating him in either the October or November transactions. He fails to allege sufficient facts, however, that would show that not one reasonably competent attorney could have reached the conclusion the state court was not obliged to require disclosure of the informant in Mack's violation proceedings.

In Florida, the state has a limited privilege to withhold the identity of a confidential informant. *See State v. Hassberger*, 350 So. 2d 1, 2 (Fla. 1977). Under Florida Rule of Criminal Procedure 3.220(g)(2), disclosure of the identity of a "confidential informant" is

generally not required unless the state plans to call the informant as a witness, or if the failure to disclose the informant's identity will infringe upon the constitutional rights of the accused. Among the relevant factors to be considered in determining whether disclosure of the identity of an informant is material and essential to a fair determination of the case are: whether the informant was an active participant in the offense; possible significance of the informant's testimony; whether it is necessary for the prosecutor to refer to the informant in the presentation of his case; and whether there is independent evidence of the accused's guilt. *State v. Chamblin*, 418 So. 2d 1152, 1155 (Fla. 1st DCA 1982). The burden is on the defendant to show why disclosure should be compelled. *State v. Chamblin*, 418 So. 2d at 1154.

The Supreme Court in *Roviaro v. United States*, 353 U. S. 53, 60-61 (1957), discussing fundamental fairness in relation to the prosecutorial privilege to withhold from disclosure confidential informants' identities, stated: "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.; Simmons v. State*, 887 So. 2d 1283, 1284 (Fla. 2004)(Florida Supreme Court, citing *Roviaro* for proposition privilege must yield where the informant's identity is essential to a fair determination of the cause at issue).

The United States Supreme Court stated, in *Rovario*:

> We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime

>    charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

*Rovario*, 353 U.S. at 62.

In Mack's revocation proceedings, at least one reasonable competent attorney could conclude the trial court was within its discretion to determine the informant's identity was not essential to a fair determination of whether Mack violated his probation. *See State v. Jones*, 247 So. 2d 342, 343 (Fla. 3d DCA 1971)(rulings as to necessity of providing the names and addresses of witnesses for the defendant to have a fair trial are rulings which must of necessity rest upon the broad discretion of the trial court). Even Mack, while denying he was depicted on videotape, admits that an officer identified him as the suspect in the controlled purchase occurring October 29, 2003 (amended petition at 6(b)) -- a transaction which Mack agreed to be included as part of the violation affidavit and warrant. (Resp. Ex. 1, R 164-167). Moreover, an officer who saw Mack on a video of the October transaction later witnessed Mack with the informant who had been given the money for the November transaction. (Resp. Ex. 1, R 151, 155-157, 168-170)

Additionally, it must be remembered Mack embedded his informant-identity issue in a claim of omission of counsel in the context of a revocation proceeding, where the burden of proof differs from that of the state in a jury trial in Florida. *See, e.g., State v. Jenkins*, 762 So. 2d 535, 536 (Fla. 4th DCA 2000) ("To meet its burden in a violation of probation proceeding, the state need only demonstrate by a preponderance of the evidence that the defendant committed the subject offense."). At least one reasonably competent attorney under the circumstances of Mack's cases could conclude the defense could not successfully show that the identity of the informant was essential to a fair determination of

whether Mack had violated his probation. Even given the advancement of a claim of mistaken identity, one such attorney could decline to pursue a disclosure quest where the informant's identity was not a precondition to finding that Mack engaged in sale/possession of controlled drugs in violation of his probation.

Mack's claim can be disposed of under *Strickland'*s prejudice prong without addressing the deficiency prong. Even if counsel had sought the identity of the informant, Mack's allegations do not show his counsel overlooked any material fact that would have caused the state court to conclude the informant's identity must be disclosed. Furthermore, as the postconviction court recognized, the revocation court determined the evidence adduced at the revocation proceedings as to either drug transaction would have sufficed to find Mack in violation. (Resp. Ex. 1 R 198-199).

Mack's claim is speculative. Mack attempts to second guess adverse factual determinations. He does not specifically allege the informant was available at the time of the revocation hearing and that the informant would have credibly testified, if called at the revocation hearing, that Mack was not involved in either drug transaction. *E.g., Harris v. State*, 939 So. 2d 338, 342 (Fla. 4th DCA 2006)(holding, inter alia, there was simply speculation by defense counsel that the informant's testimony could possibly support the attorney's contention that Harris was not the individual involved in the transaction).

Moreover, Mack does not satisfactorily account for his conviction after a jury trial on charges arising from the October 29, 2003, drug transaction. Mack's trial based judgment was affirmed, and Mack does not plead facts showing that disclosure of the informant's identity was required on state or constitutional grounds to sustain the trial-based judgment

in that case. (Case no. 03-22565). Mack merely speculates as to a better outcome for himself in his revocation cases.

The revocation court made credibility determinations adverse to Mack based, among other things, on review of the video/photographic evidence adduced at the revocation proceedings. (Resp. Ex. 1, R 65-70) Mack does not overcome the presumption of correctness attendant such findings. See 28 U.S.C. 2254(e)(1). In view of the state court findings, Mack is unable to demonstrate there was any reasonable probability he would have not have been found in violation of his probation had counsel performed as Mack now proposes counsel should have performed. The state court decision resulted in a reasonable application of *Strickland* under either prong.

Finally, Mack had ample opportunity to allege all his factual assertions underpinning his proposed claim of omission of counsel in his rule 3.850 motion, and his failure to do so is attributable to his own lack of diligence. Mack is now barred by 28 U.S.C. § 2254(e)(2) from seeking evidentiary development on any allegation not timely alleged and pursued in state court. Moreover, even if, arguendo, § 2254(e)(2) does not preclude a federal evidentiary hearing, Mack nonetheless is not automatically entitled to a hearing. In order to obtain an evidentiary hearing, the petitioner must demonstrate he would be entitled to habeas relief on his claim if his factual allegations are proven. *See Breedlove v. Moore,* 279 F.3d 952, 960 (11th Cir. 2002). This determination is circumscribed by the AEDPA's highly deferential standards. *Id.* 279 F.3d at 960 ("In the post AEDPA era, we do not conduct an independent review of claims that have been addressed on the merits by the state courts.

The relevant standard for federal habeas review of such claims is governed by 28 U.S.C. § 2254(d)(1) . . . .").

Mack is not entitled to federal habeas corpus relief because he cannot show that the state court acted contrary to, or unreasonably applied, clearly established federal law as determined by the Supreme court at the time.

**Accordingly, the Court orders:**

That Mack's petition is denied. The Clerk is directed to enter judgment against Mack and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on July 30, 2008.

*ELIZABETH A. KOVACHEVICH*
UNITED STATES DISTRICT JUDGE

Counsel of Record
Amejo T. Mack